**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JENNIFER GRIGSBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 1:22-cv-06653** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **ZUBHA POP FOODS LLC d/b/a POPEYES** | ) | |
| **LOUISIANA KITCHEN,** | ) | **Jury Trial Demanded** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Jennifer Grigsby ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Zubha POP Foods LLC d/b/a Popeyes Louisiana Kitchen ("Defendant"), and in support states as follows:

### NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII") seeking redress for Defendants sex-based discrimination, race-based discrimination, and retaliation under Title VII.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

4. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

5. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## ADMINISTRATIVE PREREQUISITES

6. All conditions precedent have been fulfilled or been complied with.

7. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of their receipt of the EEOC's Dismissal and Notice of Right to Sue.

## THE PARTIES

10. At all times material to the allegations of this Complaint, Plaintiff, Jennifer Grigsby, resides in Lake County, Illinois.

11. At all times material to the allegations in this Complaint, Defendant, Zubha POP Foods LLC d/b/a Popeyes Louisiana Kitchen is a limited liability company doing business in and for Lake County, Illinois, whose headquarters is located at 4415 Highway 6, Sugar Land, Texas 77478.

12. At all times relevant, Plaintiff was employed and worked at Defendant's location at 6593 Grand Avenue, Gurnee, Illinois, 60031 in Lake County.

## BACKGROUND FACTS

13. Plaintiff identifies as Caucasian female who is married to a bi-racial woman.

14. Plaintiff began working for Defendant as a Shift Leader on or about March 2022 at

2

a new location operated by Defendant.

15.     By working at this new location Plaintiff started working under a new manager.

16.     The manager Plaintiff worked under was Manager Rene.

17.     Plaintiff work alongside other co-workers who identify as gay.

18.     Plaintiff's wife and daughter also worked at this location with Plaintiff.

19.     Since at least March of 2022 through May 29, 2022, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

20.     Shortly after Plaintiff and Manager Rene began working together, Manager Rene discovered that Plaintiff was married to a bi-racial woman.

21.     Plaintiff observed a change in Manager Rene's demeanor towards Plaintiff after he discovered Plaintiff was married to a bi-racial woman.

22.     Manager Rene would either ignore Plaintiff or scold Plaintiff throughout the workday.

23.     Plaintiff also observed Manager Rene distancing himself from certain classes of employees. Manager Rene distanced himself from employees that were gay or African-American.

24.     In or around April 2022, Plaintiff witnessed Manager Rene terminating an African-American employee for having trouble with transportation. The African-American employee had the same exact transportation issues as the Hispanic employee, but Manager Rene only terminated the African-American staff member.

25.     On or About May 7, 2022, Manager Rene terminated a gay African-American employee. This employee was arguing with another non-gay, non-African-American employee, but only the gay African-American employee was terminated for the mutual verbal disagreement.

26. In or around May 2022, General Manager Mario ("GM Mario") visited the restaurant Plaintiff worked at.

27. GM Mario asked Plaintiff if she would like to become a manager for that location. Plaintiff was ecstatic and profoundly said yes. GM Mario told Plaintiff, "I will speak to [district manager] Monica and we will officially offer you the position."

28. After GM Mario talked to District Manager Monica, Plaintiff was told that Monica approved it and would be in to discuss pay.

29. However, District Manager Monica never discussed pay with Plaintiff because GM Mario said that Manager Rene contacted Monica and told her that he did not want Plaintiff to get the management position.

30. GM Mario told Plaintiff, "I don't know what he has against you but Rene refuses to give you the position, I'm sorry".

31. Plaintiff was disappointed and could not think of a legitimate reason why Manager Rene would refuse to promote her other than for Plaintiff being interracially married to a female.

32. A few days later, Manager Rene hired a non-gay Hispanic Manager.

33. On or about May 21, 2022, another one of Plaintiff's gay African-American coworkers was terminated.

34. The employee is a gay African-American female that had a disagreement with a Hispanic employee.

35. Again, Manager Rene terminated the African-American employee but did not reprimand or terminate the Hispanic staff member that was involved.

36. Plaintiff's concerns of the discriminatory practices led Plaintiff to tell Manager Rene that she was going to call HR and the District Manager about how he was treating others and

herself.

37.     Effectively, Plaintiff was complaining, or at the very least threatening to complain, about alleged discrimination against oneself or others.

38.     In response, Manager Rene said, "he was the boss and that there is nobody above and he runs the store."

39.     Manager Rene intentionally prevented Plaintiff from making complaints to Manager Rene's superiors.

40.     Plaintiff engaged in protected activity by putting Manager Rene on notice that Plaintiff intended to make a complaint of discrimination.

41.     On or about May 29, 2022, Plaintiff noticed that she did not receive the new work schedule so she contacted Manager Rene.

42.     Manager Rene told Plaintiff, "You're not on the schedule because you're fired".

43.     Manager Rene became increasingly angry and continued to scold Plaintiff stating, "I just don't like working with you people, it's uncomfortable and I don't want your type around".

44.     Plaintiff asked Manager Rene, "What do you mean my type, you mean gay?"

45.     Plaintiff again asked Manager Rene for the phone number for Human Resources. Manager Rene told Plaintiff, "Your type makes me uncomfortable and I want you out and you don't need HR's number, what do you need it for?"

46.     Plaintiff suffered multiple adverse employment actions including failure to promote and being terminated on the basis of race or sexual orientation and for engaging in protected activity.

## COUNT I
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Race-Based Discrimination**

47. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

48. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

49. More specifically, Defendant intentionally discriminated against Plaintiff on the basis of her interracial marriage.

50. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

51. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

52. By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT II
**Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.**
**Sex-Based Discrimination (Sexual Orientation)**

53. Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

55. More specifically, Defendant intentionally discriminated against Plaintiff on the basis of her sexual orientation.

56.     Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII of the Civil Rights Act of 1964.

57.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

58.     By reason of Defendant's discrimination, Plaintiff suffered severe harm and is entitled to all legal and equitable remedies under Title VII.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

59.     Plaintiff repeats and re-alleges paragraphs 1-46 as if fully stated herein.

60.     Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq.*

61.     During Plaintiff's employment with Defendant, Plaintiff reasonably complained to or threatened to complain to Defendant about conduct that constituted race-based and sex-based discrimination.

62.     As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

63.     In response to Plaintiff's complaint, Defendant (Manager Rene) intentionally prevented Plaintiff from making complaints to Manager Rene's superiors.

64.      Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of race-based and sex-based discrimination.

65.     Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

66.     By virtue of the foregoing, Defendant retaliated against Plaintiff based on her

7

complaints of or threatened complaints of race-based and sex-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

67.     Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

68.     As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

   a.     Back pay with interest;

   b.     Payment of interest on all back pay recoverable;

   c.     Compensatory and punitive damages;

   d.     Reasonable attorneys' fees and costs;

   e.     Award pre-judgment interest if applicable; and

   f.     Award Plaintiff any and all other such relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 29th day of November, 2022.

/s/ *Mohammed O. Badwan*
**Mohammed O. Badwan, ESQ.**
IL Bar ID No. 6299011
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200

8

Lombard, Illinois 60148
Phone (630) 575-8180
Fax (630) 575 - 8188
mbadwan@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/ *Chad W. Eisenback***
**CHAD W. EISENBACK, ESQ.**
IL Bar ID No. 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*